UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-8060-BER

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DEVON JAMAL GRAHAM,

Defendant.

_____/

## CRIMINAL COVER SHEET

1.    Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

    Yes        X No

2.    Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

    Yes        X No

3.    Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

    Yes        X No

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY: _____
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Office:    (561) 820-8711
John.mcmillan@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  24-8060-BER |
| DEVON JAMAL GRAHAM, | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

**FILED BY_____*TM*_____D.C.**

**Feb 21, 2024**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____02/14/2024_____ in the county of _____Palm Beach_____ in the

_____Southern_____ District of _____Florida_____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §§ 922(g)(1), 924(a)(8) | Possession of Firearms and Ammunition by a Convicted Felon |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

_____Kevin Drummond, Task Force Officer, ATF_____
*Printed name and title*

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Facetime).

Date: _____02/21/2024_____

_____
*Judge's signature*

City and state: _____West Palm Beach, Florida_____   _____Bruce Reinhart, United States Magistrate Judge_____
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF**
**A CRIMINAL COMPLAINT**
**Case No. 24-8060-BER**

Your affiant, Kevin W. Drummond, being first duly sworn, does hereby depose and state as follows:

## INTRODUCTION

1.      Your affiant, Kevin W. Drummond, is a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has served in that capacity since November 2017.  Your affiant is also a duly sworn Deputy Sheriff in and for Palm Beach County, Florida. In total, your affiant has approximately 20 years of law enforcement experience.  As a Task Force Officer with ATF, your affiant's duties and responsibilities include conducting criminal investigations of individuals that have violated federal laws, particularly laws contained in Titles 18 and 21 of the United States Code. During your affiant's tenure with ATF and PBSO, your affiant has participated in excess of over three hundred (300) investigations related to the illegal sale, purchase, use, possession and distribution of illicit narcotics to include marijuana, cocaine, heroin, ecstasy and fentanyl.

2.      Your affiant submits this affidavit in support of a criminal complaint charging **Devon Jamal GRAHAM,** with the following violation of federal law: Felon in possession of a Firearm, in violation of 18 U.S.C. §§  922(g)(1) and 924(a)(8). This violation occurred in Palm Beach County and the Southern District of Florida.

3.      On the basis of your affiant's training and experience, your affiant is aware that that Title 18, United States Code, Section 922(g)(1), makes it unlawful for any person who has been convicted of a felony offense punishable by imprisonment for a term exceeding one year to knowingly possess a firearm and/or ammunition.  Your affiant is further aware that pursuant to

Title 18, United States Code, Section 921(a)(17)(A)), that "ammunition" under federal law "means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm."

4.      The facts contained in this Affidavit are based on information elicited from my own investigation, and information and evidence relayed to me by other law enforcement officers with personal knowledge of the events described herein. Because this affidavit is submitted for the limited purpose of obtaining a criminal complaint, it does not contain all the facts known to me about the investigation, but rather, those facts that I submit establish probable cause of the offense(s) listed herein.

## PROBABLE CAUSE

5.      On Wednesday, February 14, 2024, at approximately 2:36 p.m. numerous law enforcement agencies within Palm Beach County responded to the Gardens Mall, which is located in Palm Beach Gardens, Palm Beach County, Southern District of Florida, in reference to reports of a shooting.  Palm Beach Gardens Police Department (PBGPD) Officers located a blood trail inside the mall.  The blood trail led from the top of the stairs near the retail store Banana Republic, through the mall and into the retail store Macy's.  Officers then followed the blood trail into the parking lot.

6.      Officers obtained video surveillance footage from the interior of the mall.  This video footage captured the shooting.  Your affiant spoke to Detective Adorno (ID 420) PBGPD who advised you can see the following in the video:

a.      Law enforcement was able to observe two males, one (suspect) wearing a purple sweatshirt with a blue logo on the front, a purple beanie hat with blue on the tip area of the beanie, ripped blue jeans, and distinct blueish purple high top basketball style shoes,

2

later identified as **Devon Jamal GRAHAM**), and the second male wearing a green sweatshirt (who shall be referred to as "Subject #2")), going down the escalator to the first floor at the west end of the mall.  The two males were quickly followed down the escalator by another male wearing a black shirt and black shorts, later identified as Kemarcio Mitchell (hereinafter "KM").  KM appeared to be walking rapidly towards **GRAHAM** and Subject #2 with his right hand inside his waistband as if he was retrieving or holding a weapon.  While proceeding down the escalator, **GRAHAM** turned around to and appeared to observe KM coming in his direction and getting within approximately 5 feet away from **GRAHAM**.  **GRAHAM** then visibly reacted by pulling out a firearm and discharging five shots toward KM.  You can clearly see on the video the firearm being discharged by **GRAHAM**.  All of the aforementioned males then proceeded to flee from the area.

7.      While PBGPD Crime Scene was on scene and processing the scene they located five (5) spent cartridge casings in the area where the shooting occurred.  These expended pistol caliber shell casings are consistent with the firearm being fired by **GRAHAM** being a real and actual firearm.  Based off of the fact that the casings appeared to have been those fired from the firearm GRAHAM was shooting, your affiant sent the information concerning the distinctive headstamps (manfacturer's identifying marks imprinted into the case heads of the cartridges) to Special Agent (SA) Vincent Rubbo from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), who is an Interstate Nexus expert related to firearms and ammunition.  SA Rubbo advised these rounds were in fact manufactured outside the state of Florida, meaning that they, of necessity, did travel in and affected interstate and/or foreign commerce.

8.      While PBGPD detectives were still on scene they obtained additional surveillance footage.  The additional surveillance footage captured **GRAHAM** and Subject #2 arrive at the

mall in a 2022 Black Nissan Maxima bearing Florida temporary license plate "DNM5304." The footage shows **GRAHAM** exiting the vehicle from the driver's side. The footage also shows **GRAHAM** and Subject #2 entering the mall then returning back to the vehicle for several minutes. They are then seen returning back to the interior of the mall.

9.      It should be noted that after the shooting, **GRAHAM** and Subject #2 left the mall on foot and did not return to the vehicle. The vehicle was located in the mall parking lot by PBGPD. The vehicle was later towed to the Palm Beach Gardens Police Department for processing.

10.      While processing the passenger compartment of the vehicle, two firearms and a large quantity of narcotics were found. A credit card with Devon **GRAHAM**'s name was also found inside the vehicle. One of the firearms was an Draco AK-47 variant pistol chambered in caliber 7.62x39 mm, bearing serial number DF-7197-20-ROA. The second firearm was a Glock Model 26, 9mm semi-automatic pistol bearing serial number BDWG532. It should be noted that when processing the vehicle, the front driver's side seat was found reclined far back. The AK47 was located on the rear passenger floorboard which would have been easily seen and within immediate reach as well as readily accessible to **GRAHAM** while seated in the driver seat of the vehicle.

11.      On Thursday, February 15, 2024, detectives were informed by a law enforcement officer (Palm Beach County Sheriff's Office) Detective Corey Oliver that he recognized a subject listed in a Palm Beach Gardens Police Department bulletin as **Devon Jamal GRAHAM**. Detective Oliver told Detectives that the bulletin which depicted a photo of the suspect wearing the purple sweatshirt was **GRAHAM**. Agent Oliver described the circumstances surrounding his past interactions with the suspect shown in the surveillance footage, stating that he became very familiar with **GRAHAM** through prior investigations and interactions with **GRAHAM**.

4

12.     Additionally, on Thursday, February 15, 2024, detectives were informed by a second law enforcement officer (Palm Beach County Sheriff's Office) Agent Chad Booth that he recognized a subject listed in a Palm Beach Gardens Police Department bulletin as **Devon Jamal GRAHAM**. Agent Booth told Detectives that the bulletin which depicted a photo of the suspect wearing the purple sweatshirt was **GRAHAM**. Agent Booth described the circumstances surrounding his past interactions with the suspect shown in the surveillance footage stating that he became familiar with Graham through prior investigations and was very familiar with **GRAHAM**.

13.     It should also be noted that PBGPD Detective Romero conducted an interview with **GRAHAM's** mother on February 15, 2024 during a state residential search warrant at the residence listed for **GRAHAM**. During this interview Detective Romero showed **GRAHAM's** mother a photo that was taken from the shooting video at the mall of the individual believed to be **GRAHAM**. Upon viewing this photo **GRAHAM'S** mother immediately advised that the male depicted in the imagery was in fact her son, Devon.

14.     Through your affiant's investigation it was learned **GRAHAM** is a convicted felon in the eyes of the court and is prohibited from possessing firearms and/or ammunition. Specifically, your affiant is aware that based on Palm Beach County (Florida) Circuit Court records, that at all times material hereto, that is, prior to February 14, 2024, **GRAHAM** had been adjudicated guilty of the following felony offenses, each of which was punishable by imprisonment for a term exceeding one year under Florida law:

a.     On January 7, 2014, **GRAHAM** was adjudicated guilty for Fleeing or Attempting to Elude a marked police car reference court case number 502013CF008213AXXXMB.

b.     On January 7, 2014, **GRAHAM** was adjudicated guilty for Fleeing or Attempting to Elude (High Speed Reckless) reference court case number 502013CF011103AXXXMB.

c.     On October 20, 2021, **GRAHAM** was adjudicated guilty for Possession of Heroin, Possession of Cocaine, and Felon in Possession of a Firearm/Ammunition reference court case number 502018CF012177AXXXMB.  As a result of this conviction, your affiant submits **GRAHAM** was clearly placed on notice that he was a convicted felon who could not lawfully possess a firearm or ammunition.

d.     On October 20, 2021, **GRAHAM** was adjudicated guilty for two (2) counts of Uttering a Forgery reference court case number 502020CF002749AXXXMB.

15.     Based on the above convictions your affiant submits **GRAHAM** is a prohibited individual and cannot legally possess a firearm/ammunition per both State and Federal law.

## CONCLUSION

WHEREFORE, on the basis of the facts and circumstances set forth above, your affiant respectfully submits probable cause exists to charge **Devon Jamal GRAHAM,** with the following

6

violation of federal law: Felon in possession of a Firearms and Ammunition, in violation of 18

U.S.C. §§ 922(g)(1) and 924(a)(8).

FURTHER YOUR AFFIANT SAITH NAUGHT

Kevin W. Drummond,
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms & Explosives

ATTESTED TO ME TELEPHONICALLY
(VIA FACETIME) BY THE APPLICANT
IN ACCORDANCE WITH THE REQUIREMENTS
OF FED. R. CRIM. P. 4.1 THIS 21ST
DAY OF FEBRUARY, 2024.

**HON. BRUCE E. REINHART**
**UNITED STATES MAGISTRATE JUDGE**

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:**      Devon Jamal GRAHAM

**Case No:**      24-8060-BER

**Count # 1**

**Possession of Firearms and Ammunition by a Convicted Felon**
**Title 18, United States Code, Sections 922(g)(1), 924(a)(8)**

* **Max. Term of Imprisonment:**   15 years' imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** n/a
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:**  $250,000.00
* **Special Assessment:** $100.00
* **Immigration Consequences of Removal (Deportation) if the defendant in not a U.S. Citizen, following conviction.**